An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK LEONARD WEST,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65176

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of unlawful use of a controlled substance. Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

Appellant argues that the district court erred by not sentencing him to probation under the mandatory probation provision of NRS 176A.100(1)(b), which provides that if a defendant is found guilty of a category E felony, "the court shall suspend the execution of the sentence imposed and grant probation to the person," unless a statutory exception applies. Here, appellant was convicted of unlawful use of a controlled substance, a category E felony. While the district court did not identify which exception applied in appellant's case, it stated that after researching the matter, it determined that "[this] was not a—a mandatory probation case." Appellant's criminal history is lengthy but of particular relevance here is a 1990 Utah felony conviction for conspiracy to distribute cocaine and a 1996 Utah misdemeanor conviction for attempted burglary. One exception to the mandatory probation provision occurs where the defendant has "been two times convicted, whether in this State or elsewhere, of a crime that under the laws of the situs of the crime or of

SUPREME COURT
OF
NEVADA

(O) 1947A

*14-34313*

this State would amount to a felony." NRS 176A.100(b)(4). We conclude that the 1996 misdemeanor attempted burglary conviction falls within that exception because, although the attempted burglary offense in appellant's case was a misdemeanor in Utah, it was a felony offense in Nevada, see 1995 Nev. Stat., ch. 443, § 124, at 1215 (defining burglary as a category B felony); 1995 Nev. Stat., ch. 443, § 3, at 1168-69 (defining punishments for attempted commission of felony offenses). Therefore, that conviction and his 1990 felony conviction for conspiracy to distribute cocaine exempt him from the mandatory probation provision.

Appellant suggests that because he pleaded guilty to misdemeanor attempted burglary, "it is a safe assumption that he had been charged with a third degree felony," the "lowest felony in Utah" in accordance with the Utah burglary statute and that if he "was charged with a similar category in Nevada, he would have been charged under a category C, or possibly even a category D." He argues that under the statute in effect at the relevant time,[1] an attempt to commit category C was punished as a category D or a gross misdemeanor and therefore the attempted burglary conviction should not be treated as a felony under Nevada law. We disagree. Burglary was a felony (category B) in Nevada at the relevant time, and, while pleading guilty to attempted burglary affected the punishment range, it did not alter the felony status of the

---

[1]Appellant was arrested on July 27, 1995, and initially charged with burglary, a felony offense. He pleaded guilty to attempted burglary on March 15, 1996. The parties rely on the 1995 versions of NRS 205.060 (burglary) and NRS 193.330 (punishments for attempts) in this appeal.

offense under Nevada law. *See* 1995 Nev. Stat., ch. 443, § 3, at 1168. Because appellant failed to demonstrate error in this regard, we

ORDER the judgment of conviction AFFIRMED.

_____ *Pickering* _____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Gary Fairman, District Judge
      State Public Defender/Ely
      State Public Defender/Carson City
      Attorney General/Carson City
      White Pine County District Attorney
      White Pine County Clerk